2009 JUL 29 P 1: 14

DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON, SC

# UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Robert Steve Burgess, <br> *a.k.a.* Steven Robert Burgess, <br> *a.k.a.* Steve Robert Burgess, <br><br>                 Plaintiff, <br><br> vs. <br><br> State of S.C. - Greenville Co.; <br> Deborah Zeigt[1]; <br> Timothy Brown #1053-E44; <br> Deputy Howard #1191; <br> Corr. Officer Wilkins #2657; <br> Sonya Moss; <br> James Doriety, <br><br>                 Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | C/A No. 9:09-1884-RBH-BM <br><br><br><br><br><br><br><br> Report and Recommendation <br> for Partial Summary Dismissal |

Robert Steve Burgess, (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[2] Plaintiff is a detainee at the Greenville County Detention Center (GCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names several GCDC employees as Defendants.[3] The complaint should be dismissed for failure to state a claim upon which relief may be granted against the Defendant identified as: State of South Carolina - Greenville County. Service is recommended below for the remaining Defendants.

---

[1] This Defendant is identified as Deborah Zeike on Plaintiff's service documents.

[2] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[3] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."



### Pro Se and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996); and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

As the Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976). Even under this less stringent standard, however, the *pro se* complaint is still subject to summary dismissal as to Defendant State of South Carolina - Greenville County. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F. 2d 387 (4th Cir. 1990).

### Background

Plaintiff files this § 1983 claim alleging deliberate indifference to medical needs and excessive force against various employees of the GCDC and the Greenville police department. Plaintiff also names the State of South Carolina - Greenville County as a Defendant. Plaintiff's complaint indicates that the Defendants subjected him to "medical neglect" and "bodily harm." (Complaint, page 2). The grievance forms and letters attached to Plaintiff's complaint provide



2

additional factual information about the alleged violations, which stem from a May 17, 2009, arrest.

Plaintiff claims the arresting officers "yanked" him from the back seat of the police car, causing bruises on Plaintiff's arms. Plaintiff also states his face was slammed into a window, causing a black eye. (Docket Entry No. 1, Attachment No. 1, letter dated May 27, 2009). Plaintiff's deliberate indifference claim stems from the Defendants' alleged denial of medications and treatment for Plaintiff's mental health issues and medical problems. (Docket Entry No. 1, Attachment No. 1, letters dated June 12, 2009 and June 26, 2009). Plaintiff further claims that he had a broken finger when arrested, but his cast and bandages were removed and thrown in the trash. (Docket Entry No. 1, Attachment No. 1, letter dated May 22, 2009). Plaintiff states his injured hand/fingers do not work properly as a result of the Defendants' actions. (Complaint, page 5). Plaintiff seeks monetary damages.

## Discussion

This complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271(1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707. To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).



As an initial matter, the State of South Carolina is protected from a suit brought pursuant to § 1983 by the Eleventh Amendment. The Eleventh Amendment forbids a federal court from rendering a judgment against an unconsenting state in favor of a citizen of that state. *Edelman v. Jordan*, 415 U. S. 651, 663 (1974). Although this language does not explicitly prohibit a citizen of a state from suing his own state in federal court, the Supreme Court in *Hans v. Louisiana*, 134 U. S. 1 (1890), held that the purposes of the Eleventh Amendment, i.e. protection of a state treasury, would not be served if a state could be sued by its citizens in federal court. The Eleventh Amendment also bars this Court from granting injunctive relief against the state or its agencies. *See Alabama v. Pugh*, 438 U. S. 781 (1978); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996)("the relief sought by plaintiff suing a State is irrelevant to the question whether the suit is barred by the Eleventh Amendment").

While the United States Congress can override Eleventh Amendment immunity through legislation, Congress has not overridden the states' Eleventh Amendment immunity in § 1983 cases. *See Quern v. Jordan*, 440 U. S. 332, 343 (1979). In addition, a State may consent to a suit in a federal district court. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 99 & n. 9 (1984). However, the State of South Carolina has not consented to such actions. *See* South Carolina Tort Claims Act, § 15-78-20(e), South Carolina Code of Laws (statute expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State.) Thus, the State of South Carolina is protected by Eleventh Amendment immunity, and entitled to summary dismissal from the instant action.



4

Further, to the extent Plaintiff may be attempting to bring suit against Greenville County under 42 U.S.C. § 1983, he fails to state a cognizable claim.[4] Municipal liability is based on execution of a governmental policy or custom. *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978). A municipality may not be held liable under § 1983 solely because it employs the tort-feasor; rather, a Plaintiff must identify a municipal "policy" or "custom" that caused the Plaintiff's injury. *Board of County Commissioners v. Brown*, 520 U.S. 397 (1997); *Kirby v. City of Elizabeth City, North Carolina*, 388 F.3d 440, 451 (4th Cir. 2004). As Plaintiff fails to identify a policy or custom of Greenville County which caused his federal rights to be violated, he fails to state a claim against this local governmental entity.

## Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case as to the Defendant listed as State of South Carolina - Greenville County *without prejudice* and without issuance and service of process for this Defendant. Process shall issue for service of the remaining Defendants. Plaintiff's attention is directed to the important notice on the next page.

Bristow Marchant
United States Magistrate Judge

July 28, 2009
Charleston, South Carolina

---

[4] The caption of Plaintiff's complaint lists "State of S.C. - Greenville Co." as the first Defendant in this action. Plaintiff failed to provide any service documents for either the State of South Carolina, or Greenville County. Thus, it is unclear whether Plaintiff intended to actually name Greenville County as a separate Defendant in this action. The Court's docket reflects these two entities as one Defendant: State of South Carolina, Greenville County.

5

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

