UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Robert Steve Burgess, | ) | C/A No. 9:09-1884-RBH |
| a/k/a Steven Robert Burgess, | ) | |
| a/k/a Steve Robert Burgess, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| State of S.C.-Greenville Co., | ) | |
| Deborah Zeigt[1]; | ) | |
| Timothy Brown #1053-E44; | ) | |
| Deputy Howard #1191; | ) | |
| Corr. Officer Wilkins #2657; | ) | |
| Sonya Moss; James Doriety, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

  Plaintiff Robert Steve Burgess, proceeding *pro se*, brought this action pursuant to 42 U.S.C. § 1983.

  In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02, this matter was referred to United States Magistrate Judge Bristow Marchant, for pretrial handling. The Magistrate Judge issued a Report and Recommendation on July 29, 2009, in which he recommended that the complaint be dismissed without prejudice and without issuance and service of process as to defendants State of South Carolina and Greenville County. The plaintiff filed objections on August 5, 2009 in which he objects to the dismissal of the case against Greenville County. In his objections, he simply contends that the County should be held liable for the conduct of its employees. Plaintiff does not object to the dismissal of the State of South Carolina.

---

[1] This defendant is identified as Deborah Zeike on Plaintiff's service documents.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. Id. However, the district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982) (failure to file specific objections to particular conclusions in Magistrate Judge's Report, after warning of consequences of failure to object, waives further review). Without specific objection to the Magistrate Judge's reasoning , it is not necessary for this court to discuss the conclusion reached by the Magistrate Judge any further. See 28 U.S.C.§636(b)(1)(C) (If a party objects, the district court "shall make a de novo determination of those portions of the report or *specified* proposed findings or recommendations to which objection is made") (emphasis added). Plaintiff's objection fails to direct the court's attention to a specific error in the Magistrate Judge's Report and Recommendation. Therefore, this Court is of the opinion that the plaintiff's filing does not satisfy the specificity requirement of Rule 72(b) of the Federal Rules of Civil Procedure.[2]

---

[2]Rule 72(b) states:

Within ten days after being served with a copy of the recommended disposition, a party

Additionally, the plaintiff's objections nowhere address the recommendation by the Magistrate Judge that the claim against the County should be dismissed due to the failure to identify a policy or custom of the County that caused Plaintiff's rights to be violated.

### Conclusion

After a review of the record before it, the court overrules the plaintiff's objections, adopts the Report and Recommendation of the Magistrate Judge and incorporates it herein by reference. The case is hereby dismissed without prejudice and without issuance and service of process as to defendants State of South Carolina and Greenville County.

**IT IS SO ORDERED.**

s/R. Bryan Harwell
R. Bryan Harwell
United States District Judge

August 18, 2009
Florence, SC

---

may serve and file **specific, written objections to the proposed findings and recommendations**. . . The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of **any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule.**

Fed. R. Civ. P. 72(b) (emphasis added).